[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is a negligence action wherein plaintiffs allege that pursuant to a verbal agreement between plaintiff and defendant, defendant undertook for a sum of money to do exterior painting, repairs and power washing of plaintiff's house; that plaintiff paid defendant the sum agreed upon, $3,300.00, on defendant's completion of the work; that defendant performed the required services in so unskillful and negligent a manner that the total cost for repairs to the house for the damages caused by the negligence of the defendant will be approximately $13,909.00.
Defendant filed his answer admitting the existence of a verbal contract between the parties for the work described above, but denying the allegation of negligence. A hearing was held on April 12, 1990.
 II
Plaintiffs' claims of damages caused by defendant's negligence encompass two distinct components of the house:
(1) The shingles on the left and front side of the house;
(2) A bay window.
(1) As to the shingles, it is plaintiffs' contention that within a month or so after defendant had completed his work, the said shingles began to "cup," that is, pull away from the house; that this cupping was due to defendant's having "gouged" the affected shingles by sanding said shingles preparatory to applying paint to them. The plaintiff and defendant agree that the shingles are cedar and that sanding (with a disc sander and vibrator as was used here) will "gouge" cedar shingles, leaving marks on the surface of such shingles, evidencing uneven thickness of the "gouged" shingle. Defendant testified that he knew that use of a disc sander would produce this effect, that he notified plaintiff that the sander would "leave marks" and was told by plaintiff to proceed. Defendant also testified that most of the left ("sun") side shingles were deteriorated, "rolled up," prior to his beginning the work. The court finds that plaintiffs' have failed to prove by a fair preponderance of CT Page 824 the evidence that damage to the shingles of plaintiff's house was caused by defendant's negligence.
(2) Bay window. Plaintiffs' house contains a bay window of some 15 panes. At the time defendant undertook to paint plaintiffs' house, the bay window had "storms." The defendant was required to remove the storm window panes from the bay window so as to paint the bay window frames. After completing I that work defendant replaced the "storms."
In the fall of 1987, some weeks following completion of the work, plaintiff noticed "fogging" of the panes of the bay window caused by moisture trapped between the window panes and the "storms." Plaintiffs surmised that this was due to defendant's failure to use a sponge-type weather stripping as instructed by plaintiff. Instead, defendant's son, working for defendant, had used caulking compound.
Plaintiff entered into negotiations with defendant with regard to remedying this "fogging" problem. In the spring of 1988, defendant's son and another man appeared at the house and proceeded to pry out the storm windows, using screwdrivers which caused damage to that part of the house adjacent to the frames, and then broke many or all of the storm window panes. At that point, the two men were asked to leave.
At some time subsequent, defendant delivered to plaintiffs a set of replacement storm windows which plaintiff retains but I has not installed. Plaintiff testified the replacement frames are aluminum, not vinyl, the original frames having been vinyl.
The court finds by a fair preponderance of the evidence that plaintiffs bay window was damaged by the negligence and carelessness of the defendant.
Plaintiffs' witness, a professional renovation and restoration specialist, testified that restoration or repair of said bay window was not practical; replacement was the only way to correct the damage. While an exact replacement window is no longer available the witness testified there were two comparable windows available. One model and its installation is estimated to cost $3,815.00. The second model and its installation is estimated to cost $4,384.00.
The court finds plaintiffs have by a fair preponderance of the evidence proven his damages as $4,384.00.
Accordingly, judgment may enter for the plaintiffs; in the amount of $4,384.00. CT Page 825
JOHN T. DOWNEY, Judge